O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TAMBERLYN SILVA, an individual,

               Plaintiff,

      v.

GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,

               Defendants.

Case No.: 2:25-cv-07151-MEMF-PVC

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 14]**

Before the Court is a Motion to Remand filed by Plaintiff Tamberlyn Silva. Dkt. No. 14. For the reasons stated herein, the Court DENIES the Motion to Remand.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

I.    **Background**

A.  **Factual Background** [1]

Plaintiff Tamberlyn Silva ("Silva") is an individual who resides in Salinas, California. Dkt. No. 1-1 ("Compl.") ¶¶ 1, 2. Defendant General Motors LLC ("GM") is a limited liability company "organized under the laws of the State of Delaware and registered to conduct business in California." *Id.* ¶ 4. On or around June 7, 2019, Silva purchased a 2019 Chevrolet Silverado 1500 ("Subject Vehicle") that was manufactured and/or distributed by GM. *Id.* ¶ 9. When the Subject Vehicle was purchased, Silva received express written warranties that indicated GM would preserve or maintain the utility or performance of the Subject Vehicle or provide compensation if there was a failure in utility or performance for a specified period. *Id.* ¶ 11. In particular, the warranty provided that if the Subject Vehicle developed a nonconformity during the applicable warranty period, Silva could deliver the Subject Vehicle for repair to GM's authorized service and repair facilities. *Id.* During Silva's ownership of the Subject Vehicle, the Subject Vehicle manifested defects covered by GM, such as electrical, window and brake defects which substantially impaired the use, value, and/or safety of the Subject Vehicle. *Id.* ¶ 12. Silva delivered the Subject Vehicle to GM and/or its authorized service and repair facilities, but GM failed to service or repair Subject Vehicle to conform to the applicable express warranties and failed to promptly replace Subject Vehicle. *Id.* ¶¶ 13-15.

B.  **Procedural History**

On March 5, 2025, Silva filed a complaint in the Superior Court of California for the County of Los Angeles. *See* Compl. The Complaint named GM as the Defendant and alleged the following five causes of action against GM: (1) violation of Subdivision (D) Civil Code Section 1793.2; (2) violation of Subdivision (B) of Civil Code Section 1793.2; (3) violation of Subdivision (A)(3) of Civil Code Section 1793.2; (4) Breach of the Implied Warranty of Merchantability; and (5) Violation of the Magnuson-Moss Warranty Act ("MMWA"). *See generally* Compl.

---

[1] Except as otherwise indicated, the following factual background is derived from Plaintiff's Complaint. Dkt. No. 1-1, Ex. A ("Complaint" or "Compl.") The Court includes these allegations only as background and makes no finding on whether they are true.

Silva served GM with the complaint on March 10, 2025. Dkt. No. 1-1. On April 24, 2025, GM filed its Answer. Dkt. No. 1-2. On August 1, 2025, GM removed the action to the Court on the grounds of diversity and filed its notice of removal 114 days after the thirty-day deadline for removal. *See* Notice of Removal ("NOR") at 1. Silva filed the Motion to Remand on August 22, 2025. Dkt. No. 14 ("Motion" or "Mot."). GM filed its opposition on September 5, 2025. Dkt. No. 16 ("Opposition" or "Opp'n"). On September 17, 2025, GM filed its Notice of Supplemental Authority in Support of its Opposition to Silva's Motion to Remand. Dkt. No. 17-1. On September 25, 2025, Silva filed her late reply to GM's Opposition. Dkt. No. 18 ("Reply").

Prior to the scheduled hearing, the Court sent the parties a tentative order via email. The parties then stipulated to the tentative ruling, Dkt. No. 20, and the Court took the hearing off calendar. In light of this, the Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.    <u>Applicable Law</u>

### A.  Motion to Remand

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Civil actions may be removed from state court if the federal court has original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, ... original subject-matter jurisdiction [must] lie[ ] in the federal courts."). A plaintiff, as "master of the complaint, 'gets to determine which substantive claims to bring against which defendants ... [to] establish—or not—the basis for a federal court's subject-matter jurisdiction.'" *California by & through Harrison v. Express Scripts, Inc.*, No. 24-1972, 2025 WL 2586648, at *5 (9th Cir. Sept. 8, 2025) (quoting *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025)). When there is doubt regarding whether the right to removal exists, a case should be remanded to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (*citing Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Further, a removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

As a result, removal of a state action may be based on either diversity or federal question jurisdiction. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). Courts resolve all ambiguities "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Under these circumstances, "both sides submit proof and the court decides, by a *preponderance of the evidence*, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)) (emphasis added). To meet this standard, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). Indeed, the parties must provide the court with "real evidence" that illustrates the "reality of what is at stake in the litigation" to guide the court in its assessment. *Id.* at 1198.

### III.    Discussion

#### A. GM's Notice of Removal Was Timely Because the Complaint was Indeterminate as to Subject Matter Jurisdiction.

##### i.    Silva's Complaint was Indeterminate as to Diversity Jurisdiction.

Silva argues that the Court should remand this action to state court because GM's removal came more than thirty days after Silva served GM with the Complaint, which was sufficient for GM

4

to plausibly allege subject matter jurisdiction. *See* Motion at 4-7. GM argues that the Motion should be denied because the Complaint, on its face, did not trigger the deadline for removal and instead contends that removal was timely after it conducted its own preliminary investigation that revealed a non-speculative basis for seeking removal. *See generally* Opposition. For the removal deadline to be thirty days from service, the action must "*clearly* [be] removable on the basis of jurisdictional facts *apparent from the face of the complaint.*" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692-93 (9th Cir. 2005) (emphasis added). The removability must be clear from the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. In other words, even if the defendant has *access* to information that might show a case is removable, or could *uncover* such information through an investigation, the defendant is not obligated to remove within thirty days of service unless the ground for removal is obvious on the face of the complaint. *See id.* at 695-96 (even when the defendant's files contained the citizenship of relevant parties and showed complete diversity, the defendant was not obligated to remove within thirty days if the complaint did not affirmatively allege complete diversity) (emphasis added).

Here, the Complaint does not reveal any information that triggers removal based on diversity jurisdiction. *See generally*, Compl. First, the only clue as to Silva's citizenship is the allegation that Silva *resided* in California at the time the Complaint was filed. Compl. ¶ 2. The Ninth Circuit has made clear that "[a] person *residing* in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (emphasis added). In this case, Silva's Complaint did not make any allegation regarding her state citizenship. Therefore, Silva's allegation that she resides in California, without alleging that she is a citizen thereof, is insufficient for diversity jurisdiction purposes. Second, the Complaint did not state how much money was at stake. *See generally* Compl. Silva alleged that she purchased the Subject Vehicle and sought actual damages and penalties of two times actual damages. *See* Compl. ¶¶ 17, 24, Prayer for Relief. However, nowhere does the Complaint state the purchase price or what the actual damages were. *See generally* Compl.

Silva points to the fact that the Complaint included the Civil Case Cover Sheet, which indicates that the claim was being brought under the state court's unlimited jurisdiction seeking

damages above $35,000. *See* Mot. at 6; *see also* Dkt. No. 1-1 at 3. Silva argues that this suggests actual damages were at least $35,000, and thus with the penalties, the amount at stake exceeded $75,000. *See* Mot. at 6. This is unavailing. The checkbox inquired as to "[a]mount demanded," and did not distinguish actual damages from other penalties demanded, including the two-times purchase price penalty that Silva seeks. *See* Compl. This box alone does not show that more than $75,000 was demanded.

Additionally, Silva cites heavily to *Dart Cherokee Basin Operating Co., LLC v. Owens*, which established the standard for what information a notice of removal must contain to be proper, and held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 90 (2014). Silva uses *Dart* to argue that GM had sufficient information to have properly removed this case, because GM is sophisticated and has knowledge of the automotive industry and therefore could have made a plausible allegation that the amount in controversy exceeded the jurisdiction threshold. *See* Mot. at 5-6; *see also* Reply at 3-4. This is likely true, but it is irrelevant. The issue here is not whether GM could have removed, but rather whether GM was obligated to remove within thirty days of service. *Dart* does not address this question at all, and *Harris* covers it in detail. *See generally Dart*, 574 U.S. at 81; *Harris*, 425 F.3d at 689. The Ninth Circuit has made clear that *Harris* and the rule it created are still binding law after *Dart*. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021) (applying and extending *Harris*'s rule in 2021). In its Opposition, GM explained in detail why *Harris* rather than *Dart* should apply here, and Silva has made no attempt to rebut this in her Reply. *See* Opp'n at 6-9; *see generally* Reply (eight-page Reply does not mention *Harris* a single time). For the reasons discussed above, the Court finds that *Harris* rather than *Dart* controls here.

As such, GM's subjective knowledge is not part of the inquiry and GM did not have any duty to investigate. *See Harris*, 425 F.3d at 694 ("notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."). The fact that the Complaint included a VIN and other information is similarly not dispositive, as this information would have required further

investigation to uncover a purchase price. *See* Motion at 6; *see also* Reply at 2-4. To trigger a thirty-day deadline, the Complaint needed to show on its face that more than $75,000 was at stake. It did not do so. Given that the Complaint does not make clear on its face that Silva was a citizen of California and that the amount in controversy was over $75,000, GM was not obligated to remove within thirty days of service. *See Harris*, 425 F.3d at 692-93.

For the same reasons, GM's notice of removal was timely because Silva did not provide GM with "other paper" to trigger the thirty-day removal deadline. When a defendant receives from Plaintiff an "'amended pleading, motion, order[,] or other paper' from which it can be ascertained from the face of the document that removal is proper," the thirty-day deadline provided in § 1446(b)(3) is triggered. *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)). Silva further asserts that even if the Complaint did not make clear that Silva's case was removable, the fact that GM's NOR or Opposition does not specify the date in which GM obtained the retail installment sales contract ("RISC"), is sufficient basis for remand. Reply at 3. In its NOR, GM asserts that it became apprised of Silva's citizenship and the amount in controversy "in the last 30 days" when it conducted a preliminary investigation into Silva's allegations. *See* NOR at 2. A defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth*, 720 F.3d at 1125-26. Therefore, it is irrelevant when GM reviewed the RISC, so long as GM did so as part of its own investigation and Silva did not previously provide GM with the RISC. Accordingly, the Court finds that GM's removal was timely and not deficient.

        ii.     Silva's Complaint was Indeterminate as to Federal Question.

Silva further argues that GM's removal was untimely because the Complaint alleged a Magnuson-Moss claim, which is a separate federal cause of action that formed the basis of federal question jurisdiction. The Magnuson-Moss Act allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for damages and other legal and equitable relief" in "any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1). Magnuson-Moss also establishes that no such claim may be brought in the United States

District Courts "if the amount in controversy of any individual claim is less than the sum or value of $25" or "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)." 15 U.S.C. § 2310(d)(3)(A) & (B). In other words, federal courts only have jurisdiction over Magnuson-Moss claims such as those alleged by Silva if the amount in controversy exceeds $50,000. Here, the Complaint does not specify that Silva is entitled to more than $50,000, let alone any specific amounts (i.e., purchase price) that would give GM "unequivocally clear and certain notice" that Silva claims were worth more than $50,000. *See* Compl.

For the reasons discussed above, the Court finds that GM has met its burden of showing removal was proper. The Complaint did not make clear on its face that more than $50,000 or $75,000 was at stake, and no other pleading or paper was filed to make this clear.

### B. GM Has Shown by a Preponderance of the Evidence that the Amount in Controversy Meets the Jurisdictional Threshold for Removal.

Next, in her Reply, Silva argues that GM "has failed to meet its burden of demonstrating that removal was proper in any respect, as the removal was plainly untimely." Motion at 7-8. GM argues that Silva did not challenge the truth of GM's jurisdictional allegations in her Motion, and "should be precluded from raising new arguments or evidence on reply." *See* Opposition at 17-18. The Court agrees with GM. The Ninth Circuit has made it clear that at "'the pleading stage, allegations of jurisdictional fact need not be proven unless challenged.'" *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016)). Here, Silva did not factually challenge GM's jurisdictional allegations. Instead, her Motion challenges the untimeliness of GM's notice of removal and provides no other basis to find that the Court does not have subject matter jurisdiction over this matter. *See generally* Motion.

Silva further argues that GM has failed to "show by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction threshold." Reply at 4. The Supreme Court has clarified that "[e]vidence establishing [diversity jurisdiction] is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89. Here, Silva does not sufficiently contest GM's jurisdictional allegations because she does not contend that she is putting an amount lower than $50,000 or $75,000, and does not offer any

conflicting evidence that calls GM's estimates into question. *See generally* Motion. Even assuming that GM's evidentiary burden has been triggered under *Dart Cherokee*, GM need only offer evidence establishing that the amount-in-controversy is met by a preponderance. *Dart Cherokee*, 574 U.S. at 82. GM's detailed, reasonable calculations are sufficient to meet this burden, especially since Silva offers no alternative amount-in-controversy or rebuttal evidence. *See* Opposition at 13-17; *see generally* Reply. Accordingly, the Court finds that GM's removal was proper.

### C. Silva is Not Entitled to Attorneys' Fees, Incurred as a Result of GM's Alleged Untimely Removal.

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Jordan*, 781 F.3d at 1184 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Courts in the Ninth Circuit apply "an objectively reasonable standard by looking to the clarity of the law at the time of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141).

Here, the Complaint did not provide certainty with respect to the amount of actual damages or civil penalties. GM would have to conclude that the attorney's fees alone would surmount the $50,000 amount in controversy to remove on that basis. This is implausible at this early stage of the action, and the law on the issue is not clear enough to support an award of attorney's fees as a sanction to the losing litigant. *See Lussier*, 518 F.3d at 1066. Accordingly, the Court declines to exercise its discretion under 28 U.S.C. § 1447(c) to award Silva attorney's fees and costs.

//

//

//

//

//

IV.    **Conclusion**

As such, the jurisdictional facts necessary to remove the case were not unequivocally clear and certain when Silva served the Complaint. Because GM filed its notice of removal within one year of the complaint's filing, the removal was timely under § 1446(c)(1). Therefore, the Motion to Remand should be DENIED.

IT IS SO ORDERED.

Dated: February 25, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge